UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-69-S-DCR |
| | ) | Civil Action No. 2: 13-7291-DCR-EBA |
| V. | ) | |
| | ) | |
| DANIEL J. MALEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

On March 26, 2012, Defendant Daniel Maley entered a guilty plea to Count One of a multi-count Superseding Indictment charging him a violation of 21 U.S.C. §§ 841(a)(1) and 846. [*See* Record No. 166.] Maley was sentenced on July 30, 2012, to a term of incarceration of 216 months, followed by a ten-year term of supervised release. [Record No. 272] Maley has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 339] Maley claims that he received ineffective assistance of counsel in the course of the criminal action. Although the defendant asserts that his attorney failed to perform a "plethora of 'certain basic duties' inherent in [his representation]," Maley specifically contends that counsel failed to ask if he wanted to file an appeal at the conclusion of his sentencing hearing. [*Id.* at p. 3]

The United States has requested that the Court enter an order finding that Maley has waived his attorney-client privilege with respect to the specific matters raised in his habeas motion. [Record No. 343] The government contends that, to effectively address the claims, it

should be allowed to contact Maley's former counsel. It concedes, however, that the information it may solicit should be limited to the issues raised in the defendant's § 2255 motion alleging ineffective assistance of counsel. In support, the United States cites a number of cases in which courts have held that a habeas petitioner claiming ineffective assistance of counsel impliedly waives his or her attorney-client privilege with respect to communications with the attorney that are necessary to disprove the claim. *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1548 (2010); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)*; Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); and *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

Maley opposes the government's motion. He argues that the privilege with his former attorney should not be deemed waived, notwithstanding his claims of ineffective representation. [Record No. 345] Maley is incorrect in his assertions. Further, it is of no consequence that Maley is not asserting a claim of actual innocence. To properly respond to Maley's claims (such as the claim that Maley's attorney did not discuss the possibility of an appeal following the sentencing hearing), it is necessary for the United States to obtain information from the defendant's attorney.

As the United States Court of Appeals for the Sixth Circuit recognized in *Lott*, *supra* at 453, the attorney-client privilege may be waived, either expressly or implication, in several ways. And waiver may occur in a habeas case where the defendant places at issue the subject matter of a privileged communication which forces the government to address the privileged

matter to defeat a claim of ineffectiveness. Here, waiver has occurred as a result of Maley's assertion that his former attorney provided ineffective assistance in connection with his criminal action. Thus, it will be necessary for the United States to obtain information from Patrick Mulligan, Maley's former attorney, to effectively address the defendant's claims of ineffective assistance. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Order Finding Waiver of Attorney-Client Privilege [Record No. 343] is **GRANTED**. The Court finds that, by alleging ineffective assistance of counsel, Defendant Daniel Maley has waived his attorney-client privilege with respect to issues raised in his § 2255 motion. The United States may contact Maley's former attorney strictly for the purpose of obtaining only that information which is necessary to respond to the defendant's ineffective assistance of counsel claims.

This 24th day of September, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge